Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
VIET HUYNH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIET HUYNH, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| D. Scott Carruthers, APLC; and DOE 1-5 | 1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.) |
| Defendants. | 2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.). |
| | **DEMAND FOR JURY TRIAL** |

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3. Plaintiff, VIET HUYNH (hereinafter "Plaintiff" or "Mr. Huynh"), is a natural person residing in Garden Grove, California. Defendant, D. Scott Carruthers, APLC, is believed to be a professional corporation maintaining a principle place of business at 8448 Katella Avenue in Stanton, CA. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. D. Scott Carruthers, APLC and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a and Cal. Civ. Code § 1788.1(c).

## FACTUAL ALLEGATIONS

7. On or about November 2, 2017, Defendants began calling for Mr. Huynh in an attempt to collect a consumer debt allegedly owed by Mr. Huynh.

8. On or about November 2, 2017, Joe Daily, a collector from D. Scott Carruthers, APLC, called Mr. Huynh at work. Mr. Daily identified himself and disclosed that he was calling from the Law Office of Scott Carruthers. He then proceeding to demand that Mr. Huynh make a payment of over $4,000 or Mr. Huynh's paycheck would be garnished. Mr. Huynh advised Mr. Daily that he is not allowed to take personal calls at work, but Mr. Daily persisted with the conversation by advising that an initial payment of $500.00 could be made as a down payment. Mr. Daily then continued in an attempt to discuss monthly payments and otherwise extract a payment from Mr. Huynh that day. Mr. Huynh provided Mr. Daily with his cell phone number for future contact. During the course of the conversation, Mr. Daily never disclosed that he was a debt collector, that the communication was an attempt to collect a debt, or that any information obtained would be used for that purpose. This was the first communication Mr. Huynh received from your D. Scott Carruthers, APLC.

9. On November 15, 2017, Joe Daily called Mr. Huynh at work again. Mr. Daily spoke with Mr. Hunyh's coworker, advised the coworker that he was calling from the Law Office of Scott Carruthers, and left his number of 800-495-

8682 ext. 307 for which Mr. Hunyh should return his call.

10. On November 20, 2017, Joe Daily called Mr. Huynh at work again. Mr. Daily spoke with Mr. Hunyh's coworker and asked to speak with Mr. Hunyh, but the call was dropped before the call was transferred to Mr. Hunyh.

11. Mr. Huynh, concerned and harassed by Defendants' continued and threatening calls, retained counsel with Centennial Law Offices.

12. On November 20, 2017, staff from Centennial Law Offices called D. Scott Carruthers, APLC and spoke with Susan and Joe Daily. Mr. Daily was advised that Mr. Hunyh was represented by counsel and provided with counsel's contact information.

13. On November 21, 2017, Mr. Daily called Mr. Huynh at work again, spoke with a coworker, and once again left his name and number of 800-495-8682 ext. 307 for which Mr. Hunyh should return his call.

14. Mr. Hunyh never consented to Defendants communicating with his coworkers in connection with the collection of the alleged debt or otherwise.

15. As a direct result of the collection activity herein alleged, legal fees in the amount of $2,555.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

16.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, specifically that the communication was from a debt collector, and being made in an attempt to collect a debt.

## COUNT II

17.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector, that the communication was in an attempt to collect a debt, and that any information obtained could be used to collect the debt.

## COUNT III

18.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(3) by communicating with Plaintiff at his place of employment after

knowing or having reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communications.

### COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) by communicating with Plaintiff at his place of employment after knowing or having reason to know that such communications are inconvenient for Plaintiff.

### COUNT V

20. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) by communicating directly with Plaintiff in connection with collection of the debt contrary to actual knowledge that Plaintiff was represented by counsel, and having the means to contact said counsel.

### COUNT VI

21. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C.

1692c(b) by communicating with a third-party in connection with the collection of a debt without Plaintiff's consent.

### COUNT VII

22.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e by making a false, deceptive, or misleading representation to Mr. Huynh that his paycheck would be garnished when no judgment existed against Mr. Huynh for which his paycheck could be garnished.

### COUNT VIII

23.     Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(b) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector, and that the communication was in an attempt to collect a debt.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date:  August 23, 2018                    s/Robert Amador_____
                                                       ROBERT AMADOR, ESQ.
                                                       Attorney for Plaintiff Viet Huynh